UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
(NEW HAVEN)

| | |
|---|---|
| CAITFLO, L.L.C. and CALABASH, L.L.C., for themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SPRINT COMMUNICATIONS COMPANY L.P. and WILTEL COMMUNICATIONS, LLC, <br><br> Defendants. | ) No. 3:11-cv-00497-WWE <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

# FINDINGS OF FACT AND CONCLUSIONS OF LAW ON PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES TO SETTLEMENT CLASS COUNSEL

Under Federal Rules of Civil Procedure 23(h)(1) and 54(d)(2), Plaintiffs in this class action have moved for an award of attorneys' fees and expenses to Settlement Class Counsel. Under Rule 23(h)(3), the Court must make findings of fact and state its conclusions of law. The Court does so, as follows, in granting the motion:

### Findings of Fact

1.  This class-action settlement resolves a property-rights dispute, which arises out of the installation of fiber-optic cable on railroad rights of way by Sprint Communications Company L.P., WilTel Communications, Inc., WilTel Communications, LLC, and Williams Communications, LLC, f/k/a Williams Communications, Inc., f/k/a Vyvx, Inc. (the "Settling Defendants"). The claims resolved by the Settlement affect parcels of land in Connecticut covering approximately forty-eight miles of rights of way throughout the state.

2. On November 2, 2012, the Court entered an order preliminarily approving the Settlement, certifying the Settlement class, and approving the form and manner of notice. On March 1, 2013, the claims administrator mailed notices to 1,888 current and prior property owners along railroad rights of way in Connecticut containing telecommunications facilities installed by the Settling Defendants, and opened a Settlement call center and website. The notice, which was posted on the website, advised in pertinent part:

> The Court will decide how much Class Counsel and any other lawyers will be paid. Class Counsel will ask the Court for attorneys' fees, costs and expenses of $217,000. . . . The Defendants will separately pay these fees and expenses and the payment will not reduce the benefits available for the Class.

Notice ¶ 24. The Notice further advised that the Court would hold a Fairness Hearing on June 24, 2013, at which time the Court would "consider how much to pay Class Counsel." *Id.* ¶ 27. On June 24, 2013, the Court held the final Fairness Hearing.

3. The Settlement Agreement provides in pertinent part: "Settlement Class Counsel may seek from the Court a cash award of fees and expenses from the Settling Defendants, in an amount not to exceed the Maximum Attorneys' Fee Award, to which the Settling Defendants will not object." Settlement Agreement § II.E.1. The Settlement Agreement defines the Maximum Attorneys' Fee Award as $217,000. Settlement Agreement Definitions. The Settlement Agreement further provides that "the Settling Defendants shall deposit any attorneys' fee award approved by the Court, which shall not exceed the Maximum Attorneys' Fee Award, into the interest-bearing escrow account established with U.S. Bank in New York, New York, no later than ten (10) days after the date on which the Order and Judgment becomes Final." Settlement Agreement § II.E.2.

4. The escrow account established with U.S. Bank is a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B. The escrow account is maintained by U.S.

Bank in New York, New York, with the Garretson Firm Resolution Group, Inc. ("GFRG") serving as the Fund Administrator. These arrangements are consistent with the terms of an Escrow Agreement entered into as of August 26, 2011 between certain Settlement Class Counsel, U.S. Bank, and GFRG.

5. Settlement Class Counsel estimate that approximately $513,000 in cash benefits are available for class members to claim. Administrative costs — to be paid separately by the Settling Defendants — in creating and updating a sophisticated database to notify class members, implement the Settlement, and process claims, are estimated at an additional $40,000. The agreed-to attorneys' fees and non-taxable costs of approximately $217,000 — which will not reduce benefits payable to class members — bring the total gross value of the Settlement to roughly $770,000.

## Conclusions of Law

6. Rule 23(h) provides that, "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by . . . the parties' agreement." The Rule further provides that "[a] claim for an award must be made by motion under Rule 54(d)(2)," notice of which must be "directed to class members in a reasonable manner" and that the Court "must find the facts and state its legal conclusions under Rule 52(a)." Fed. R. Civ. P. 23(h)(1) and (3). In turn, Rule 54(d)(2) requires a claim for fees to be made by motion, and specifies its timing and content, including, in relevant part, "the grounds entitling the movant to the award" and "the amount sought." Fed. R. Civ. P. 54(d)(2)(B). Notice of this fee-award motion was provided in the class notice and on the website.

7. The Second Circuit has held "that both the lodestar and the percentage of the fund methods are available to district judges in calculating attorneys' fees in common fund cases."

*Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 49 (2d Cir. 2000). Whichever "method is chosen, district courts should continue to be guided by the traditional criteria in determining a reasonable common fund fee, including: '(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation . . . ; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations.'" *Id.* (quoting *In re Union Carbide Corp. Consumer Prods. Bus. Secs. Litig.*, 724 F. Supp. 160, 163 (S.D.N.Y. 1989) (summarizing *Grinnell* factors)). "The trend in this Circuit is toward the percentage method, which directly aligns the interests of the class and its counsel and provides a powerful incentive for the efficient prosecution and early resolution of litigation." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005) (internal quotation marks and citations omitted).

8. Under the percentage-of-the-fund method, it is appropriate to base the percentage on the gross cash benefits available for class members to claim, plus the additional benefits conferred on the class by the Settling Defendants' separate payment of attorney's fees and expenses, and the expenses of administration. *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 479 (1980) ("Although the full value of the benefit to each absentee member cannot be determined until he presents his claim, a fee awarded against the entire judgment fund will shift the costs of litigation to each absentee in the exact proportion that the value of his claim bears to the total recovery.") (citation omitted); *Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423, 436-37 (2d Cir. 2007) ("In this case, the District Court calculated the percentage of the Fund on the basis of the claims made against the Fund, rather than on the entire Fund created by the efforts of counsel. We hold that this was error.").

9. The Court adopts the percentage-of-the-fund approach, and finds that, under it, the agreed-to fee-and-expense request is reasonable as a matter of law. Here, Settlement Class Counsel estimate that, based on the miles of rights of way covered by the Settlement, if each class member were to claim the available cash benefits, approximately $513,000 would be paid to qualifying class members. When estimated administrative costs of $40,000 — to be borne by the Settling Defendants — and the agreed-to attorneys' fees and expenses of $217,000— also to be paid separately by the Settling Defendants — are factored in, the gross value of the Settlement is approximately $770,000. The $217,000 fee-and-expense award therefore represents approximately 28 percent of the fund as a whole.

10. At 28 percent of the value of the fund as a whole, the fee-and-expense award would be well within the range of reasonable percentage-fee awards in this Circuit. *See Goldberger*, 209 F.3d at 51-52 (rejecting 25% "benchmark" but acknowledging that "district courts across the nation have apparently eased into the practice of 'systematically' awarding fees in the 25% range"); *In re Iomega Secs. Litig.*, Nos. B-86-257 (JAC), B-86-273 (JAC), 1987 WL 43391, at *11 (D. Conn. Oct. 1, 1987) ("Traditionally, courts in this circuit have awarded fees in the 20 percent to 50 percent range in class actions) (citation omitted); *see, e.g., Collins v. Olin Corp.*, No. 3:03-cv-945 (CFD), 2010 WL 1677764, at *6 (D. Conn. Apr. 21, 2010) ("A compensation of one third of the total fund is in line with the percentage fees awarded in similar class action suits.") (citations omitted); *In re Priceline.com, Inc. Secs. Litig.*, No. 3:00-CV-1884(AVC), 2007 WL 2115592, at *5 (D. Conn. July 20, 2007) ("The court, therefore, orders a fee award equal to 30% of the settlement amount plus accrued interest to the date of the award.").

5

11.     The 28-percent fee-and-expense award is especially reasonable here, where, in reaching the Settlement, Settlement Class Counsel engaged in unusually lengthy and hard-fought litigation against the Settling Defendants to resolve the vexing legal issues arising out of the installation of fiber-optic cable on railroad rights of way that culminated in this and the 45 other state settlements.  In the thirty-four fee-and-expense orders issued in similar right-of-way settlements that have received final approval, the federal district courts in Idaho, Illinois, Alabama, North Dakota, Montana, Michigan, Minnesota, Vermont, Kansas, Indiana, Virginia, New Jersey, New York, Florida, West Virginia, Oklahoma, Maryland, Nebraska, Iowa, North Carolina, Wisconsin, Arkansas, Wyoming, Georgia, Colorado, Mississippi, Missouri, South Dakota, Ohio, Washington, Pennsylvania, Nevada, and Rhode Island, and the Delaware state court, approved fee-and-expense awards to class counsel ranging from approximately 17 to 30 percent of the then-estimated fund.

12.     In terms of a lodestar crosscheck, the overlapping nature of fiber-optic-cable right-of-way discovery, motions practice, research, litigation, and settlement efforts across the country for more than a decade — which culminated in this and the other state settlement agreements — have prevented Settlement Class Counsel from segregating their fees and expenses into a "Connecticut-only" category or similar categories for other states.  *See* Decl. of Settlement Class Counsel Dan Millea ¶ 16; Decl. of Settlement Class Counsel Irwin Levin ¶ 22. Nonetheless, it is apparent that the Connecticut fee-and-expense request is amply supported by a lodestar crosscheck based on the time and expense incurred, and fees available, in resolution of all the state-by-state settlements of the fiber-optic-cable right-of-way litigation.

13.     The total attorneys' fees and expenses incurred by Settlement Class Counsel in the decade-plus of right-of-way litigation culminating in this Settlement, excluding local counsel fees

6

and expenses, were just over $60,000,000 as of March 31, 2011; that number has since increased as Settlement Class Counsel have performed substantial work in seeking approval of the settlements in courts around the country, and it will continue to do so until the settlements are fully administered. *See* Millea Decl. ¶ 17; Levin Decl. ¶ 23. The Settling Defendants in the right-of-way litigation have agreed to pay a total of $41,500,000 in attorneys' fees and expenses in settlement of the forty-six state actions (and the District of Columbia) nationwide. Millea Decl. ¶ 17; Levin Decl. ¶ 23. Therefore, the incurred fees and expenses are subject to a *negative* multiplier — roughly .70 — on a nationwide basis and with a pro-rata Connecticut allocation.

**WHEREFORE** it is **ORDERED** that the motion for an award of attorneys' fees and expenses to Settlement Class Counsel is **GRANTED**.

It is further **ORDERED** that the Court approves a fee-and-expense award of $217,000 to Settlement Class Counsel,

It is further **ORDERED** that the Settling Defendants shall deposit the fee-and-expense award approved by the Court into the interest-bearing escrow account — established as a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B and as a trust under state law — with U.S. Bank in New York, New York, no later than ten (10) days after the date on which the Order and Judgment becomes Final, that any alleged or actual civil liability against the Settling Defendants for attorneys' fees arising out of the tort claims resolved by the Connecticut Class Settlement Agreement approved by this Court is satisfied and extinguished through the Settling Defendants' payment of the fee-and-expense award, and that any interest earned on the escrow account shall be recognized as gross income of the Qualified Settlement Fund; and

It is further **ORDERED** that appointment of GFRG as the Fund Administrator for the escrow account is hereby confirmed and that the escrow account shall be governed by the Escrow Agreement entered into as of August 26, 2011 between Settlement Class Counsel, U.S. Bank, and GFRG.

Date: June 24, 2013

_____
Honorable Warren W. Eginton
Senior United States District Judge